JPMorgan Chase Bank, N.A. v Castro (2020 NY Slip Op 02178)





JPMorgan Chase Bank, N.A. v Castro


2020 NY Slip Op 02178


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Renwick, J.P., Richter, Mazzarelli, Singh, JJ.


380668/12 11343A 11343

[*1]JPMorgan Chase Bank, N.A., Plaintiff-Appellant,
v
Daisy Castro, Defendant-Respondent, Luis Castro also known as Luis M. Castro, et al., Defendants.


D.J. and J.A. Cirando, PLLC, Syracuse (John A. Cirando of counsel), for appellant.
Gomberg Legal, P.C., New York (Stanislav Gomberg of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about August 8, 2018, which, after a traverse hearing, vacated the judgment of foreclosure and sale and dismissed the action as against defendant Daisy Castro for lack of personal jurisdiction, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about January 25, 2018, which directed a traverse hearing, unanimously dismissed, without costs, as academic.
Plaintiff failed to sustain its burden of demonstrating by a preponderance of the evidence that defendant was properly served with process (see Wells Fargo Bank, N.A. v Gore, 162 AD3d 437 [1st Dept 2018]). Any presumption of proper service raised by the process server's affidavit was overcome by defendant's testimony and documentary evidence and that of her former spouse, who was purportedly served as a substitute for defendant. This evidence shows that defendant's former spouse did not reside at the subject property and was not there at the purported time of service, that the description of the person served did not match that of the former spouse, that the property identified by the process server as the subject property was not in fact the subject property, and that, contrary to the process server's affidavit, the second floor was not vacant. We find no basis for disturbing the court's credibility findings.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK